UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTANEZE HARRIS,

    Plaintiff,

v.

                                  Civil Case No. 22-11422

TIMOTHY M. GRIMA, *et al.*,       Sean F. Cox
                                            United States District Court Judge

    Defendants.

_____/

## **OPINION & ORDER**

In this civil action, the plaintiff asserts § 1983 civil rights claims against the City of Detroit and two of its police officers. The matter is currently before the Court on Defendants' unopposed summary-judgment motions. The Court concludes that a hearing is not necessary and shall rule on the briefs. For the reasons that follow, the Court rules that Plaintiff's claims are dismissed for failure to prosecute and failure to comply with the Court's orders. Additionally, Defendants have also established that they are entitled to summary judgment in their favor as to all claims.

## BACKGROUND

Acting through counsel, Plaintiff Martaneze Harris ("Harris") filed this civil action against the following three Defendants: 1) Timothy M. Grima; 2) Joseph D. Walker; and 3) the City of Detroit. The action was filed in federal court based upon federal-question jurisdiction. Plaintiff's Complaint asserts the following two claims: 1) "42 USC 1983 Against Individual Defendants" (Count I); and 2) "Municipal Liability Against Defendant City of Detroit Under 42 USC 1983" (Count II).

1

This Court's practice guidelines are included in the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 2-3).

Following the close of discovery, Defendant Walker filed a summary judgment motion on October 10, 2023. (ECF No. 33). On that same date, Defendants Grima and the City of Detroit filed their own summary judgment motion. (ECF No. 35). Both of those motions complied with this Court's summary-judgment practice guidelines.

After Harris failed to respond to either motion within the time period permitted under the applicable local rules, Defendant Walker filed a reply brief on December 5, 2023, that noted Plaintiff's failure to respond to the motions. (ECF No. 37).

In addition to that, this Court also took action. On December 18, 2023, this Court issued a Show Cause Order providing that "Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, no later than **December 22, 2023**, why the currently unopposed motions should not be granted. Plaintiff is cautioned that failure to file a timely response to this Order may be construed as

2

abandonment of the remaining claims asserted in this action and may result in this case being dismissed for failure to prosecute. *See Atwater v. Bank of New York Mellon Trust Co., N.A.*, 586 F. App'x 222 (6th Cir. 2014)." (ECF No. 39).

Nevertheless, Harris filed no responses to the pending summary judgment motions. As a result, the facts set forth in Defendants' motions are taken as true, pursuant to Fed. R. Civ. P. 56(e) and this Court's practice guidelines.

## STANDARD OF DECISION

Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As explained in *Guarino*:

> The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In order to preclude the granting of summary judgment, the non-moving party must show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). The non-moving party must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor. *Street,* at 1476, 1477.

*Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

In other words, there is no duty imposed upon a district court to search the record "to establish that it is bereft of a genuine issue of material fact." *Id.* (citations omitted). That is the non-movant's job. Thus, if the non-moving party fails to meet its "burden – for example, by remaining silent – its opportunity is waived and its case wagered." *Id*.

3

Yet "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment" to ensure that the movant has met its burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)

## ANALYSIS

**I.     Dismissal Of Harris's Claims Is Warranted Due To His Failure To Prosecute And Comply With This Court's Orders.**

Defendants filed the pending summary-judgment motions on October 10, 2023. Despite knowledge of those motions, Harris elected not to oppose them.

First, after Harris failed to respond to either motion within the time period permitted under the applicable local rules, Defendant Walker filed a reply brief on December 5, 2023, that highlighted Plaintiff's failure to respond to the motions. (ECF No. 37).

In addition to that, this Court also took action. On December 18, 2023, this Court issued a Show Cause Order providing that "Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, no later than **December 22, 2023**, why the currently unopposed motions should not be granted." (ECF No. 39) (emphasis in original). That Order expressly cautioned Harris that "failure to file a timely response to this Order may be construed as abandonment of the remaining claims asserted in this action and may result in this case being dismissed for failure to prosecute. *See Atwater v. Bank of New York Mellon Trust Co., N.A.*, 586 F. App'x 222 (6th Cir. 2014)." (*Id*.)**.**

Nevertheless, Harris did not respond in opposition to either motion and failed to respond to this Court's Show Cause Order.

Under these circumstances, dismissal of Harris's claims is warranted due to his failure to prosecute and comply with this Court's orders.

**II.     In Addition, Defendants Have Shown That They Are Entitled To Summary Judgment In Their Favor.**

Additionally, having carefully reviewed the legal arguments and evidence submitted by Defendants, this Court concludes that they have established that they are entitled to summary judgment in their favor as to both counts.

**A.     Defendants Grima And Walker Are Entitled To Qualified Immunity As To The § 1983 Claims Asserted Against Them.**

Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the plaintiff has shown that a constitutional violation occurred; and 2) whether the right was clearly established at the time of the violation.

"[A] qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Duke*, 23 F.3d 1086, 1089 (6th Cir. 1994). Here, Defendants have raised the issue in the context of a summary judgment motion.

There are two individual Defendants at issue in this motion. "Each defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Plaintiff Harris "bears the burden during of establishing that the officers' conduct fails the test – that 'each defendant officer, through his or her own individual

actions, *personally* violated" his constitutional rights under "clearly established law." *Jones v. City of Detroit*, 815 F. App'x 995, 997 (6th Cir. 2020) (quoting *Johnson v. Mosely*, 790 F.3d 649, 653 (6th Cir. 2015)) (emphasis in original). To show a violation of clearly established law, the plaintiff must identify a case that would have put Grima and Walker on notice that their "specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, __ U.S. __, 142 S.Ct. 4, 8, 211 L.Ed.2d 164 (2021)).

In the pending motions, the two individual Defendants (Grima and Walker) assert that they are entitled to qualified immunity as to both of the § 1983 claims asserted against them. They contend that Harris cannot meet the first part of the qualified immunity test because the evidence does not show that a constitutional violation occurred. They further assert that Harris cannot meet the second part of the qualified immunity test (ie, the clearly-established prong).

"Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). Harris has failed to meet that burden here. Among other things, Harris has not identified any cases that would have put Grima or Walker on notice that their specific conduct was unlawful. Thus, Grima and Walker are entitled to qualified immunity.

      **B.    The City Is Entitled To Summary Judgment On The Municipal Liability Claim.**

The City of Detroit asserts that it is entitled to summary judgment on Harris's municipal liability for several reasons. The Court agrees that the City is entitled to summary judgment as to the municipal liability count. Having dismissed the claims against the individual Defendants,

6

this claim also fails. *See, eg., S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trustees*, 771 F.3d 956, 962 (6th Cir. 2014). (Where no underlying constitutional violation occurred, district court did not err in granting summary judgment on municipal liability claim.). Moreover, for the reasons set forth in the City's summary-judgment motion, the count also fails because Harris has not sufficiently alleged, and has not offered sufficient evidence to establish, a municipal liability claim.

## CONCLUSION & ORDER

For the reasons set forth above, the Court RULES that Plaintiff's claims are DISMISSED for failure to prosecute and failure to comply with the Court's Orders. Additionally, Defendants have also established that they are entitled to summary judgment in their favor. Plaintiff Harris's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  January 4, 2024